UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C12-1246-RSM |
| Plaintiff, | ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE |
| v. | |
| RONALD L. BREKKE, | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court on the Government's Motion for Summary Judgment (Dkt. # 27) and Defendant Ronald Brekke's "Judicial Notice Summary Judgment" (Dkt. # 29). For the reasons that follow, both motions shall be denied and the Government is ORDERED TO SHOW CAUSE why the action should not be dismissed without prejudice.

## II. BACKGROUND

In 2012, Mr. Brekke was convicted on a four count indictment.  *United States v. Brekke, et al*, Case No. 10-cr-00328JCC (W.D. Wash.); *see also* Dkt. # 27, p. 2.  Pursuant to Count One, Brekke was found guilty of conspiring to steal government money, present false or fraudulent

1   claims to the Government, and submit false or fraudulent tax returns to the IRS in violation of 18

2   U.S.C. § 371. *Brekke*, No. 10-cr-00328JCC. Pursuant to Counts Two, Three and Four, he was

3   found guilty of committing wire fraud on three separate occasions, including one e-mail

4   communication with a co-conspirator, one fax with a co-conspirator, and at least one PayPal

5   payment received by Brekke, in order to carry out a 1099-OID tax scheme. *Id.*; 18 U.S.C. §§

6   1342, 1343. He is currently serving a 144 month sentence at the Federal Correctional Institution

7   in Bastrop, Texas ("FCI Bastrop") for all four crimes. Dkt. # 27, p. 2.

8          The Government filed a complaint for permanent injunction and other equitable relief

9   against Mr. Brekke on July 20, 2012, following his criminal conviction. Dkt. # 1. In response,

10  Mr. Brekke filed a "Non-Negotiable Notice of Acceptance" indicating that he would "accept for

11  value and consideration all offers/summons/claims/charges/orders/motions/trials and the like in

12  the matter of 'United States of America v. Ronald Brekke . . . '" and "not argue the facts" in

13  exchange for the Government's agreement to (1) "recall all securities, bonds, debts, pledges,

14  insurance, and any other debt obligations related to this/these account(s) and . . . not issue any

15  others"; (2) "adjust and set-off all public charges, debts, taxes, and dues"; (3) "post full

16  settlement and closure of the account(s)"; and, (4) dismiss the case. Dkt. # 3, p. 1-2.

17         In September 2012, the Government responded to Mr. Brekke's "Notice," treating it as a

18  motion to dismiss and refuting it for lack of legal basis. Dkt. # 5. Later that month, Mr. Brekke

19  filed a "Notice of Dishonor" indicating that he had not been "paid" and his "notice of

20  acceptance" had not been "accepted"; therefore, he intended to "look to [the Government] for

21  payment or performance." Dkt. # 6, p. 1-2. Soon thereafter, Mr. Brekke filed a "Judicial

22  Notice" requesting "this court take Judicial Notice that unless the Prosecution can produce an

23  actual injured party, i.e. natural person—flesh and blood man or woman who can make an

24

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE - 2

appearance on the record and who can submit, into the record, a signed and sworn Affidavit as to the nature and extent of his/her alleged injuries, then this court lacks subject matter jurisdiction and the named Plaintiff and Defendant are not natural persons, i.e. flesh and blood men or women, but are fictions of law."  Dkt. # 7, p. 1-2.

The Government moved the Court to enter default pursuant to Rule 55(a) for Mr. Brekke's failure to answer the complaint.  Dkt. # 8.  The following month, Mr. Brekke again filed a "Notice of Dishonor" indicating his "non-negotiable notice of acceptance" had "been dishonored or [had] not been paid or accepted."  Dkt. # 9, p. 1.

The Court issued an Order to Show Cause and directed Mr. Brekke to file a pleading in accordance with Fed. R. Civ. P. 8.  Dkt. # 10, p. 1.  Mr. Brekke filed a response to the Order on November 19, 2012, stating that he "'accepted for value' (AFV)" the Court's "offer 'order to show cause'" pursuant to the

> AFV remedy [which] is based on the premise of (1) the corporate United States . . . ongoing bankruptcy/reorganizations . . ., (2) the replacement of lawful money with the 'private debt-based currency or the 'private' non-government International Banking Center called the Federal Reserve, (3) the pledge by the bankrupt U.S. corporation of actual title to all real property of the American people, their wealthy assets and labor productivity—collectible as tax revenues, as collateral for corporate United States public debt, and (4) the provisions made by the bankrupt U.S. Corp. to provide the American people (as Creditors, Principals and Beneficiaries) consideration/exchange for this 'full faith and credit' pledge by set-off or discharge of all debts held in the name of the . . . legal fiction/US person, which in this instance is RONALD BREKKE. Therefore, I stipulate this matter be discharged/vacated.

Dkt. # 12, p. 1-2.

In light of Mr. Brekke's filings, the Court declined to enter default judgment against him as default judgments are disfavored and because Mr. Brekke had appeared on the record on his own behalf.  Dkt. # 13.  Mr. Brekke then proceeded to file a series of "Notices" re-asserting his

1    claims as quoted above.  *See generally* Dkt. ## 16, 18, 22, 26.  On July 2, 2013, the Government

2    filed a motion for summary judgment "because there are no disputed material facts and the

3    United States is entitled to judgment as a matter of law."  Dkt. # 27.  Defendant replied with a

4    "Notice" in which he "refused for cause conditional acceptance order" as "purely commercial

5    matters . . . ."  Dkt. # 28, p. 1.

### III. DISCUSSION

7        The Government urges this Court to grant summary judgment on its request for an

8    injunction against the Defendant.  Dkt. # 27.  However, the Government's argument is based

9    entirely on tax violations that occurred prior to October 31, 2012.  For these crimes, Mr. Brekke

10   was tried, convicted, and sentenced to 144 months in prison plus three years of supervised

11   release, during which time he will be prohibited from acting as a tax preparer.  Dkt. # 27, p. 2.

12   The Government does not suggest that Mr. Brekke has engaged in criminal behavior since his

13   incarceration last year.  Rather, the Government contends it is "not uncommon" for persons who

14   violate the tax laws to continue to engage in unlawful activities even after spending time in

15   prison for such offenses.  Dkt. # 27, p. 18.

16       District courts have original jurisdiction over actions arising under Acts of Congress

17   providing for internal revenue as well as all civil actions, suits, or proceedings commenced by

18   the United States except as otherwise indicated by Congress.  28 U.S.C. §§ 1340, 1345.

19   Moreover, courts have jurisdiction to issue injunctions "as may be necessary or appropriate for

20   the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a).  This action has been

21   requested by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of

22   the Treasury, and is brought at the direction of the Attorney General of the United States under

23

24

1  the authority of 26 U.S.C. §§ 7402 and 7408.  Dkt. # 1, p. 3.  Defendant Ronald Brekke's

2  fraudulent activities took place in this District and therefore venue is proper.  Dkt. # 1, p. 3.

3  **A. Summary Judgment Standard**

4  Summary judgment is proper if the moving party establishes that there are no genuine

5  issues of material fact and it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a);

6  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Material facts are those which might

7  affect the outcome of the suit under governing law.  *Anderson*, 477 U.S. at 248.  The moving

8  party initially bears the burden of proving the absence of a genuine issue of material fact.

9  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the moving party meets that burden, the

10  burden shifts to the non-moving party to designate specific facts demonstrating the existence of

11  genuine issues of material fact.  *Id.* at 324.  In determining this, the Court must draw all

12  reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255.

13  **B. Analysis**

14  1.  <u>The Government's Section 7408(b) claims</u>

15  Section 7408 of the IRC authorizes district courts to enjoin any person from engaging in

16  conduct subject to penalty under either IRC § 6700 or § 6701 if injunctive relief is appropriate to

17  prevent recurrence of such conduct.  26 U.S.C. § 7408; *see also U.S. v. Estate Preservation*

18  *Serv.*, 202 F.3d 1093, 1098 (9th Cir. 2000) (citing I.R.C. §§ 6700(a), 7408(b)).  "The government

19  bears the burden of proving each element by a preponderance of the evidence."  *Estate*

20  *Preservation Serv.*, 202 F.3d at 1098 (internal citations omitted).  IRA § 6700 penalizes any

21  person (1) who organizes or sells an interest, plan, or arrangement, (2) who causes another

22  person to make a statement with respect to the securing of any tax benefit by reason of

23  participating in the plan or arrangement, and (3) where the person knows or has reason to believe

24  that such statement is false or fraudulent as to any material matter.  26 U.S.C. § 6700.  IRA §

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE - 5

1    6701 makes it a punishable offense to (1) aid or assist in, procure, or advise with respect to the

2    preparation or presentment of a federal tax return, refund, claim or other document, (2) knowing,

3    or having reason to believe, that the document will be used in connection with a material matter

4    arising under internal revenue laws, and (3) knowing that, if it is so used, it will result in an

5    understatement of another person's tax liability."  26 U.S.C. § 6701.

6          Here, there is no factual dispute that Defendant violated §§ 6700 and 6701.  Mr. Brekke

7    was convicted last year of three counts of wire fraud as well as conspiring to commit theft of

8    public money, false or fraudulent claims, and false statements.  Specifically, the Government

9    first correctly asserts that Defendant's prior conviction establishes that he violated § 6700 when

10   he (1) organized the 1099-OID scheme; (2) caused others to be told they could receive a refund

11   in an amount equal to the customer's personal debt or credit card limits and that the customer

12   should file returns claiming those debts had been withheld as a tax;[1] and, (3) that he knew or had

13   reason to believe these statements were false.  Dkt. # 27, p. 15.  Furthermore, Defendant's

14   preparation of the false Forms 1099 and his actions to submit the false forms to the IRS knowing

15   or having reason to believe that they would be used in connection with the scheme to

16   fraudulently receive tax refunds was a violation of § 6701.  Dkt. # 27, p. 16.

17         As to the "likelihood of future violations" prong of this analysis, however, the

18   Government has not met its burden.  To determine the likelihood of future violations of IRC §§

19   6700 or 6701, courts consider the following factors: "(1) the gravity of the harm caused by the

20   offense; (2) the extent of the defendant's participation; (3) the defendant's degree of scienter; (4)

21   the isolated or recurrent nature of the infraction; (5) the defendant's recognition (or non-

22   _____

23         [1] According to the Government, these statements were material as they "would have a substantial impact on
     the decision making process of a reasonably prudent . . ." taxpayer.  Dkt # 27, p. 15-16 (quoting *United States v.*

24   *Stover*, 650 F.3d 1099, 1111 (8th Cir. 2011)).

ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND ORDER TO SHOW CAUSE - 6

1  recognition) of his own culpability; and (6) the likelihood that defendant's occupation would

2  place him in a position where future violations could be anticipated." *Estate Preservation Serv.*,

3  202 F.3d at 1105.

4          This Court considered the issue in *U.S. v. Kirk.*, Case  No. C11-1075-MJP, 2012 WL

5  1099772, at *1 (W.D. Wash.).  There, it was clear the defendant had violated §§ 6700 and 6701;

6  however, "[t]he closer call [was] whether the second prong [was] met—i.e. whether an

7  injunction [was] necessary and appropriate to prevent the specified conduct." *Id.* at * 2.  Taking

8  note of the fact that the defendant was seventy-one years old at the time and "possibly, based on

9  his improperly filed surreply, in prison on unrelated charges," the Court granted the

10 Government's motion for summary judgment finding an injunction appropriate.  *Id.*  As the

11 Court explained,

12          [defendant] caused at least 31 customers to submit $8 million worth of
           fraudulent claims and knew the 1099-OID scheme may lead to penalties.
13         It also appears based on [defendant's] response that [defendant] does not
           seem to recognize his own culpability; instead, arguing it is the IRS's fault
14         for creating confusion over the 1099-OID process.  Since the Court is not
           convinced [defendant] will not continue to promote his tax scheme, the
15         Court finds a permanent injunction appropriate.

    *Id.*
16
17          The Government contends that the gravity of the harm Mr. Brekke caused is severe,

18 amounting to a minimum of $14 million in erroneously issued refunds. Dkt. # 27, p. 17.  The

19 Defendant also appears to have occupied a leadership role in the scheme to defraud the

20 Government, rather than playing merely an instrumental or supportive role.  Dkt. # 27, p. 15.

21 Moreover, the Defendant lacks any sense of remorse for his crimes as he consistently contends

22 that his actions are not, in fact, illegal. *See generally* Dkt. ## 3, 6, 7, 9, 11, 12, 16, 18, 20-25, 28-

23 30.  Rather, Defendant believes that the "corporate United States" has committed crimes against

24

1  the American people by using citizen funds to support the "bankrupt" corporate nation without

2  citizen consent.

3  However, unlike in *Kirk*, Mr. Brekke is currently in prison for the very violations that the

4  Government contends provide grounds for an injunction.  The Government's documents fail to

5  even suggest that Mr. Brekke has engaged in unlawful activities since October 31, 2012.  Dkt. #

6  27-1, p. 1.   Moreover, the Government concedes that Defendant will be in prison for

7  approximately eleven more years for his role in these crimes.  Dkt. # 27, p. 17.  Thereafter, he

8  will be placed on supervised release and restricted from employment as a tax preparer and

9  prohibited from employment that has "anything to do with the preparation or filing of income

10 taxes."  Dkt. # 27, p. 17.  It is speculative at best to assume that the Defendant, who will be

11 incarcerated for eleven years with an additional period of supervised release subject to conditions

12 that prohibit him from engaging in any financial occupation, might commit future violations.

13 Nevertheless, the Government urges this Court to issue an injunction because "[i]t is not

14 uncommon for tax defiers like Brekke to prepare bogus tax documents and to promote fraudulent

15 tax schemes even after spending time in prison for tax-related offenses."  Dkt. # 27, p. 18.

16 However, the fact that tax defiers have found ways to engage in unlawful behavior from prison

17 in the past does not show why *this* Defendant must be enjoined from engaging in behavior that

18 has not yet occurred and when the Court has been given no reason to anticipate that it will occur

19 in the future.  Thus, the Government has not met its burden to show that an injunction is

20 necessary to prevent Mr. Brekke from engaging in additional tax fraud. Therefore, it is not

21 entitled to judgment as a matter of law.

22    2.  The Government's Section 7402 claims.

23        Section 7402 of the IRC authorizes the court to issue orders of injunction as may be

24 necessary or appropriate for the enforcement of the internal revenue laws.  26 U.S.C. § 7402.  "A

party seeking a permanent injunction must show (1) that it has suffered an irreparable injury; (2) that remedies available at law . . . are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *U.S. v. Tanner*, No. C06-1139, 2007 WL 1287898, at *2 (W.D. Wash.) (citing *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1137 n. 11 (9th Cir. 2006)) (internal citations omitted).

According to the Government, Mr. Brekke's scheme caused the United States irreparable injury in the form of lost tax revenue, erroneous refunds, and administrative costs necessary to detect and prosecute the fraud. Dkt. # 27, p. 20. Further, it contends that Mr. Brekke is inclined to continue promoting his scheme or engaging in fraudulent behavior as is evidenced by his failure to cease the illegal activities after learning of the arrest of several of his customers or after receiving the Government's notification that it considered his scheme frivolous. *Id.* Lastly, the Government contends that "injunctive relief is the only way to protect the United States and the public from Brekke's future, fraudulent behavior." *Id.*

Again, there is no dispute as to the harm suffered by the United States. However, even assuming the Government has been able to show the absence of a material fact as to the hardship and public interest elements, it has failed to show that remedies available at law are inadequate to compensate for the injury. Namely, the injury suffered here is no less than $14 million in erroneously issued tax refunds, for which Mr. Brekke was prosecuted, found guilty, and sentenced to more than eleven years in prison plus three years supervised release. Because the Government has not suggested that Mr. Brekke continues to engage in unlawful tax practices from prison, it is premature to presume that the legal remedies already successfully pursued

1  against Mr. Brekke will be insufficient to deter him. Thus, the Government has failed to meet its

2  burden on these claims as well.

3      3.  Brekke's Request for Summary Judgment

4          Mr. Brekke also filed a "Notice" seeking summary judgment in his favor. He contends,

5  among other things, that "[f]lesh and blood me provided the value by way of personal exemption

6  under the bankruptcy . . . which should have resulted in dismissal of this matter as well as the

7  criminal matter, and my discharge from commercial captivity and involuntary debt servitude."

8  Dkt. # 29, p. 5. After reviewing the "Notice" and the entirety of the record, the Court is unable to

9  identify a legal basis upon which the Court could grant the motion. The Government

10 acknowledges that Mr. Brekke "continues to file frivolous tax-defier propaganda with this Court

11 in conjunction with this civil case." Dkt. # 27, p. 10. It is not without irony that the Government

12 quotes the Court from the criminal case; "Brekke did the same thing by 'inundat[ing] . . . [the]

13 Court with letters and notices' in which 'even the most discerning reader . . . would struggle to

14 identify any arguments or requests that [we]re intelligible in the legal system that actually exists

15 in this country.'" *Id.* (quoting *Brekke*, June 25, 2012 Order at 1-2). In filing this premature

16 action, the Government has succeeded in inundating the Court with no less than twenty-one

17 legally unintelligible documents from Mr. Brekke.

18         Rule 56(f) provides in relevant part that after giving notice and a reasonable time to

19 respond, "the court may: [] grant the motion on grounds not raised by a party . . . ." Fed. R. Civ.

20 P. 56(f)(2). Having found the Government's motion premature and Mr. Brekke's "Notice"

21 lacking a cognizable legal basis, the Government is ORDERED TO SHOW CAUSE by

22 November 15, 2013, why the case should not be dismissed without prejudice. Mr. Brekke may

23 respond no later than November 29, 2013. No memorandum shall exceed <u>seven (7)</u> pages.

24

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# IV. CONCLUSION

Having reviewed the motions, the responses and replies thereto, the attached declarations and exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) The Government is ORDERED TO SHOW CAUSE why the Court should not dismiss the action without prejudice as discussed above;

(2) The Clerk is directed to term the noting date for Dkt. # 27;

(3) Mr. Brekke's "Judicial Notice Summary Judgment" (Dkt. # 29) shall be DENIED;

(4) The Clerk is directed to send a copy of this Order to Mr. Brekke and all counsel of record.

Dated this 30th day of October 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE